IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-550-04 |
| ROBERT MERRITT | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                                                                        **AUGUST 29, 2024**

Robert Merritt ("Merritt" or "Defendant") was found guilty at trial of conspiring to participate in the affairs of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), after he murdered six family members of an individual who cooperated with the Government. (ECF No. 1560 at 2.) He was sentenced to life in prison. (ECF No. 1583.) He has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that conditions in prison due to COVID-19 combined with his medical conditions justify release. (Mot., ECF No. 1707.) For the following reasons, his Motion will be denied.

**I.      BACKGROUND**

Eugene Coleman was charged with conspiracy to distribute cocaine along with Kaboni Savage. (Opp'n, ECF No. 1708, at 1.) Coleman pled guilty and agreed to cooperate with the Government against Savage. (*Id.*) In retaliation for Coleman's cooperation, Savage ordered Lamont Lewis to murder the Coleman family. (*Id.* at 1-2.) After receiving this order, Lewis recruited his cousin, Merritt, to help Lewis firebomb a house belonging to the Coleman family. (*Id*. at 2-4.) Six members of the family were killed. (*Id*.)

On May 13, 2013, Merritt was convicted at trial. (*Id.* at 4.) At the time, Merritt had three previous felony drug convictions and a conviction for possessing a firearm as a convicted felon.

1

(*Id.* at 5.) On September 19, 2014, Merritt was sentenced to life in prison. (*Id.*) At the time of this Motion, Merritt had served approximately 77 months of his sentence and had already established a disciplinary history of approximately ten disciplinary infractions while in federal custody. (*Id.*)

On July 22, 2020, Merritt submitted a request for compassionate release to the warden of his prison. (*Id.* at 6.) On October 1, 2020, his request was denied. (Mot. at 12-13.) Merritt appealed the denial, and he received no further response from the Bureau of Prisons. (*Id.* at 2.) On January 20, 2021, Robert Merritt, appearing *pro se*, filed the instant Motion. (*Id*. at 1.)

## II.     LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). A district court can only modify a term of imprisonment once it has been imposed in a "few narrow" circumstances. *Freeman v. United States*, 564 U.S. 522, 526 (2011).

After a defendant has exhausted his administrative remedies,[1] a court may reduce the term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a), to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

18 U.S.C. § 3553(a) enumerates factors that a court shall consider when imposing a

---

[1] To exhaust administrative remedies, the statute requires that a defendant first "request" that the warden of the defendant's facility file a motion for compassionate release with the court on his behalf. Only after the defendant has exhausted the administrative rights to appeal the BOP's denial of that request, or after 30 days has passed, whichever is earlier, may the defendant then file his own motion with the court. 18 U.S.C. § 3582(c)(1)(A). On October 1, 2020, Merritt's request to the warden was denied and he appealed the decision and filed this motion more than 30 days after. (Mot. at 13.) Therefore, this requirement has been met.

sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed."

The United States Sentencing Commission promulgated Section 1B1.13 of the Sentencing Guidelines, which explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "[e]xtraordinary and compelling reasons warrant the reduction;" "[t]he defendant is not a danger to the safety of any other person or to the community;" and "the reduction is consistent with this policy statement." The Sentencing Guidelines enumerate specific instances in which "extraordinary and compelling reasons exist," including medical circumstances or the age defendant. U.S.S.G. 1B1.13(b).

Medical circumstances constitute extraordinary and compelling circumstances when:

(A) The defendant is suffering from a terminal illness . . .
(B) The defendant is--
  (i) suffering from a serious physical or medical condition,
  (ii) suffering from a serious functional or cognitive impairment, or
  (iii) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
(D) The defendant presents the following circumstances--
  (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
  (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

3

    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. 1B1.13(b)(1).

  An extraordinary and compelling reason for a reduction of sentence must be weighed against the Section 3553(a) factors to determine if the reduction in sentence is justified. *United States v. Somerville*, 463 F. Supp. 3d 585, 600 (W.D. Pa. 2020). If both the defendant's extraordinary and compelling reasons and Section 3553(a) factors support a reduced sentence, then a district court may reduce the prison term. *Id*.

### III. DISCUSSION

  Merritt has not shown an extraordinary and compelling reason for his release and the Section 3553(a) factors counsel against modifying his sentence due to the nature of the crime and the limited amount of time he has served thus far.

  **A.**  **No Extraordinary and Compelling Reasons Justify Merritt's Early Release**

  Merritt argues that his sentence should be reduced because he has medical issues that could exacerbate the impact of COVID-19 if he contracted it. (Mot. at 2-3.). According to Merritt, he suffers from asthma and gastroesophageal reflux disease (GERD), which could cause major complications if he contracted COVID-19. (*Id.*)

  "In the context of the global pandemic, '[c]ourts around the country have [only] granted compassionate release where the defendant suffers from a serious condition that increases the likelihood of severe consequences from COVID-19.'" *Somerville*, 463 F. Supp. 3d at 596 (citation omitted). The "mere existence of COVID-19 in society and the possibility that it may spread to a particular person alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Thus, "a prisoner seeking release due to COVID-19 must at least show: (1) a sufficiently serious medical condition, or advanced age,

4

placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *Somerville*, 463 F. Supp. 3d at 597.

Merritt cannot meet this standard. Only "moderate to severe" asthma is identified as a potential increased risk and GERD is not considered a risk factor, according to the CDC. *See* Center for Disease Control, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Apr. 15, 2024). In addition, Merritt's records do not demonstrate that he suffers from moderate to severe asthma or that he has abnormal lung function at all. (Opp'n. at 17-18). The U.S. Department of Health and Human Services provides that:

> Moderate asthma occurs if, without treatment, any of the following are true: symptoms occur daily; inhaled short-acting asthma medication is used every day; symptoms interfere with daily activities; nighttime symptoms occur more than 1 time a week, but do not happen every night; or lung function tests are abnormal (more than sixty percent to less than eighty percent of the expected value).

*United States v. Towel*, No. 17-519, 2020 WL 2992528, at *4 (E.D. Pa. June 4, 2020). Merritt has only been provided albuterol to treat his asthma when needed, and he has continued to partake in normal activities of daily living within the prison. As a result, no extraordinary and compelling reasons warrant his compassionate release due to illness. *See, e.g.*, *United States v. Slone*, No. 16-400, 2020 WL 3542196, at *6 (E.D. Pa. June 30, 2020) (involving an inmate who "does not have daily symptoms, use his inhaler daily, or have abnormal lung function" and finding that "the fear of contracting the virus does not constitute extraordinary and compelling reasons for compassionate release."); *United States v. Daniels*, No. 15-127, 2020 WL 4674125, at *3 (E.D. Pa. Aug. 12, 2020) (denying compassionate release for a defendant whose "medical records indicate normal lung volumes and clear lungs and his Albuterol inhaler prescription

specifically instructs him not to use it daily, but only as needed to prevent or relieve an asthma attack."); *United States v. Freedland*, No. 15-175, 2020 WL 4926542, at *4 (E.D. Pa. Aug. 21, 2020) (concluding that a defendant's asthma does not present an extraordinary and compelling reason to reduce his sentence because he maintained an "active lifestyle" and there was no evidence that he experienced "asthma-related life impairments."). Merritt is only 40 years old, his prison records reveal that he is in good health, and he is not at an increased risk of severe COVID-19 due to his asthma.

In addition, Merritt has already contracted COVID-19 while in prison, and he was asymptomatic and made a full recovery from the illness. (Opp'n. at 17). Courts have ruled that in such instances the risk of COVID-19 is mitigated, and compassionate release is not justified. *See*, *e.g.*, *United States v. Moore*, No. 14-315, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020) (involving inmate suffering from hypertension, high cholesterol, GERD, and mild obesity; denying release because inmate "has not faced any medical complications related to his COVID-19 infection or experienced an exacerbation of his underlying health issues"); *United States v. Peuse*, No. 17-598, 2020 WL 5076356, at *3 (N.D. Cal. Aug. 24, 2020) (noting that courts have consistently denied "compassionate release to a defendant who has recovered or is expected to recover from COVID-19 with no symptoms.").

Merritt's medical conditions alone do not present "extraordinary and compelling reasons" to reduce his sentence. Merritt has been vaccinated for COVID-19, when he contracted COVID-19 he was asymptomatic, and his illnesses are not severe enough to be deemed a definite risk factor. He has not shown that his conditions "substantially diminish [his] ability . . . to provide self-care within the environment of [his] correctional facility," or that any "long-term or specialized medical care [] is not being provided" to him to justify a sentence reduction. *See*

6

U.S.S.G. § 1B1.13(b)(1).

      **B.**      **Section 3553(a) Factors Weigh Against Merritt's Early Release**

Even if we were to find an extraordinary and compelling reason for a reduction of Merritt's sentence, the Section 3553(a) factors weigh against his early release. In considering the factors under Section 3553(a), Merritt's request for compassionate release is denied because of the nature of the offense, the importance that his sentence adequately reflects the seriousness of the offense, and the need to protect the public from further crimes.

Merritt was convicted of murdering six individuals and was sentenced to life in prison. Regardless if the Court were to find that Merritt has been incarcerated for a total of 6.5 or 16 years of his life sentence, the time served does not justify a reduction and Merritt's crimes were far too violent to warrant a reduced sentence. *See United States v. Bullock*, 833 F. App'x. 934, 935 (3d Cir. 2021) (holding that a district court did not abuse its discretion in denying compassionate release for a medically compromised inmate after considering the § 3553(a) factors, including the inmate's criminal history and institutional infractions).

Prior to this offense, Merritt was previously convicted of a number of other crimes and was a repeat offender. In addition, Merritt's Motion failed to address how serving 16 years (at the time the motion was filed) of a lifetime sentence sufficiently reflects the seriousness of the offense and provides adequate punishment for his actions. Courts have consistently denied motions for compassionate relief due to the seriousness of the offense and the amount of time served of the sentence. *See, e.g.*, *United States v. Martin*, No. 98-178, 2020 WL 3960433, at *1 (E.D. Pa. July 13, 2020) (denying motion for compassionate release of a defendant who committed three serious offenses and suffered from multiple health issues due to his history of violent crimes); *United States v. Brunetti*, No. 94-127, 2020 WL 4516541, at *1, 8-9 (E.D. Pa.

July 31, 2020) (denying relief for a 73 year-old Mafia member who served 26 years of a 40-year sentence due to the "brutal and violent" nature of the offenses); *United States v. Spencer*, No. 95-659, 2020 WL 6504578, at *2-3 (E.D. Pa. Nov. 5, 2020) (denying motion for compassionate release of a 64-year-old suffering from COPD who served 20 years of a life sentence for ten armed robberies because of the magnitude of the offenses and his criminal record).  Accordingly, the Section 3553(a) factors weigh against granting Merritt's Motion.

## IV. CONCLUSION

For the foregoing reasons, Merritt's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) will be denied.  An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**